## NEW YORK COMMON PLEAS.

PAUL FALK agt. SAME, and JAMES G. BOGART, instead of NATHANIEL R. MILLS.

HENRY L. CLINTON, *and* STALLKNECHT *and* HALL, *for plaintiff*.

CHARLES TRACY, GEORGE BLISS, JR., *and* A. J. VANDERPOEL, *for defendants*.

The complaints in these cases alledged that the defendants were the board of excise, in and for the metropolitan police district of the state of New York, and part of them were also the board of police; that the plaintiffs had respectively licenses granted under the law of April 16, 1857, for which they paid thirty dollars each, and which would not expire till July 5th, 1866; that the defendants were proceeding to enforce the act of April 14, 1866, on a pretence that it superseded the former law and all licenses granted under it, while the complaint alleged that the act was itself unconstitutional and void. The plaintiffs further alleged that the act of 1866, imposed restrictions upon the sale of liquors which were not imposed by that of 1857, and that they took and paid for their licenses under the latter act, relying upon having all the privileges that it granted for the entire period of the licenses, and had, in reliance upon that, purchased a large quantity of liquors and incurred heavy expenses; that a large portion of their business

and profits arose from sales made at hours and days when the law of 1866, forbade sales to be made. Hall claimed no right to sell on Sundays, but Falk did. Falk claimed also that lager beer was not included under the provisions of the law of 1866. Both alleged that they should be exposed to numerous suits and arrests, and would suffer irreparable injury, if the defendants were not enjoined from enforcing the law of 1866.

The plaintiffs had applied for, received and paid for licenses under the law of 1866, but alleged that they had done it under compulsion.

The defendants maintained the constitutionality of the act of 1866, and denied that the plaintiffs would suffer any irreparable injury if that law was enforced. In Falk's case they also showed by affidavits, that pending the injunction he was keeping his place open, and selling liquors on Sunday to all comers, which they claimed was a violation both of the act of 1866 and of 1857. The defendants also denied that there was any compulsion used to induce the plaintiffs to apply for licenses under the law of 1866.